IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


BRYAN R. HARRIS,

                          Plaintiff,

            v.                              CASE NO. 09-3087-SAC

ROGER WERHOLTZ,
et al.,

                          Defendants.

<u>MEMORANDUM AND ORDER</u>

        This civil rights complaint was filed by an inmate of the
Hutchinson Correctional Facility, Hutchinson, Kansas (HCF).
Plaintiff names as defendants Roger Werholtz, Kansas Secretary of
Corrections; and Sam Kline, Warden, HCF.


<u>FACTUAL BACKGROUND</u>

        Mr. Harris complains of disciplinary action taken against
him in September 2008, "for having a handwritten passage copied
from a book" entitled <u>The 33 Strategies of War</u> written by Robert
Green[1].  He was found guilty of "dangerous contraband", and
sanctioned with 14 days disciplinary segregation, 30 days
restrictions, and a fine of $20[2].  Mr. Harris appealed, and the
Secretary of Corrections affirmed the hearing officer's decision.

        Plaintiff also alleges that he challenged the disciplinary

_____

        [1]    Plaintiff baldly alleges the book had previously been allowed into
the facility.  However, his exhibits indicate the state court found he failed to
provide evidence of this allegation.

        [2]    Plaintiff alleges he was also sanctioned with a loss of good time.
However, his exhibits attached to his complaint, which include a summary of the
disciplinary proceeding and a copy of a complaint filed by him in state court
challenging the disciplinary action, make no mention of a loss of good time.

action taken against him in a motion pursuant to K.S.A. 60-1501
filed in the District Court of Reno County, Kansas, but was denied
relief in March 2009.


**CLAIMS AND REQUESTED RELIEF**

As Count 1 of his complaint, Mr. Harris claims he was
denied due process during the disciplinary proceedings.    In
support, he alleges that he submitted a Form 9 requesting legal
material from the Unit Team for use at his disciplinary hearing,
but it was never answered and he never received the material.  He
also alleges that the evidence presented at the hearing was
insufficient; the matter was not adequately investigated; and he
was not given the opportunity to review the "seized papers."  As
Count 2, plaintiff claims cruel and unusual punishment based upon
conditions in the Intensive Management Unit (IMU)[3], where he
alleges he was housed whenever he was "sentenced to restriction."
As Count 3, plaintiff asserts he was denied equal protection of the
law.  In support, he alleges "upon information and belief" that in
other Kansas Department of Corrections facilities the seized
material is allowed and "restriction inmates" serve their time in
general population where they are not subjected to the conditions
challenged by plaintiff.

The court is generally asked to declare that the acts and
omissions in the complaint violated plaintiff's federal

---

[3]    The challenged conditions include: confinement to his cell for 24
hours a day; showers limited to 4 times a week; yard limited to three times a
week "in a human size dog kenel (sic)"; being handcuffed whenever he left his
cell; not being allowed to attend "primary call-out" or pre-release programs;
withholding of his pens, pencils, razor and toothbrush; having all meals served
in his cell with cold lunches, which was different from general population; and
restricted telephone privileges.

constitutional rights.  With regard to conditions, plaintiff asks the court to issue a permanent injunction requiring defendants to "run their (IMU)" as mandated in the Internal Management Policy and Procedures; to "run restriction in the same manner as every other facility in Kansas"; to allow inmates in disciplinary segregation to copy IMPPS; and to provide form 9's, grievances, and property claims with triplicate copies[4].  With regard to his disciplinary proceedings, plaintiff asks the court to reverse his conviction of dangerous contraband, and order the return of his $20 as well as restoration of his good time.  He also requests an order requiring defendants to "digitally record disciplinary hearings" and to allow inmates to possess material written by Robert Green.  In addition, he seeks compensatory and punitive damages and costs.

## MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS

Plaintiff has filed a motion for leave to proceed in forma pauperis (Doc. 2), and has attached an Inmate Account Statement in support as statutorily mandated.  Under 28 U.S.C. § 1915(b)(1), a plaintiff granted such leave is not relieved of the obligation to pay the full fee of $350.00 for filing a civil action.  Instead, being granted leave to proceed in forma pauperis merely entitles an inmate to proceed without prepayment of the full fee, and to pay the filing fee over time through payments deducted automatically from his inmate trust fund account as authorized by 28 U.S.C. § 1915(b)(2).  Furthermore, § 1915(b)(1), requires the court to assess an initial partial filing fee of twenty percent of the

---

[4]    All plaintiff's claims for injunctive relief will be mooted if he is released from prison upon the impending expiration of his sentence.

greater of the average monthly deposits or average monthly balance in the prisoner's account for the six months immediately preceding the date of filing of a civil action.  Having examined the records of plaintiff's account, the court finds the average monthly deposit to plaintiff's account is $34.52, and the average monthly balance is $24.91.  The court therefore assesses an initial partial filing fee of $6.50, twenty percent of the average monthly balance, rounded to the lower half dollar.  Plaintiff must pay this initial partial filing fee before this action may proceed further, and will be given time to submit the fee to the court.  His failure to submit the initial fee in the time allotted may result in dismissal of this action without further notice.

**SCREENING**

Because Mr. Harris is a prisoner, the court is required by statute to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief.  28 U.S.C. § 1915A(a) and (b).  Having screened all materials filed, the court finds the complaint is subject to being dismissed for reasons that follow.

**CHALLENGES TO DISCIPLINARY ACTION**

Plaintiff raises two incongruous types of claims in his complaint: challenges to prison disciplinary action and challenges

4

to conditions of his confinement[5].  His challenges to disciplinary action taken against him at the HCF, if they correctly include a claim for restoration of good time credit, are not properly raised in this civil rights complaint.  Such a claim is, in essence, a request for speedier release, which must be litigated in a petition for writ of habeas corpus.  Wolff v. McDonnell, 418 U.S. 539, 554-55 (1974), *citing* Preiser v. Rodriquez, 411 U.S. 475, 499 FN14, 500 (1973)[6].

Moreover, before habeas corpus claims may be litigated in federal court, all remedies available in the courts of the state must have been properly and fully exhausted.  Plaintiff alleges that he filed an action in state court pursuant to K.S.A. § 60-1501 seeking review of the challenged disciplinary action, which was very recently denied.  However, he does not allege that he appealed the denial to the Kansas Court of Appeals and ultimately to the Kansas Supreme Court.  Until he has exhausted all available state court remedies, including those in the state appellate courts, he has not satisfied the exhaustion prerequisite.

---

[5]    Conditions-of-confinement claims must be raised in a civil rights action, while habeas corpus claims must be raised in a habeas petition.  Boyce v. Ashcroft, 251 F.3d 911, 914 (10th Cir. 2001)("[P]risoners who want to challenge . . . administrative actions which revoke good-time credits, . . . must petition for a writ of habeas corpus," while those "who raise constitutional challenges to other prison decisions-including transfers to administrative segregation, exclusion from prison programs, or suspension of privileges, e.g. conditions of confinement, must proceed under Section 1983 or Bivens.")(citation omitted)), *judgment vacated on rehearing and dismissed as moot due to transfer of inmate*, 268 F.3d at 953 (10th Cir. 2001).

[6]    In Preiser, state prisoners brought civil rights actions attacking the constitutionality of prison disciplinary proceedings that had resulted in deprivation of their good-time credits.  Id. at 476.  The Court conceded that the language of § 1983 generally covered their claims.  Id. at 489.  Nonetheless, the Court observed that the language of the federal habeas corpus statutes covered them as well.  See 28 U.S.C. § 2254(a)(authorizing claims by a person being held "in custody in violation of the Constitution").  They then reasoned that the language of the habeas statute is more specific, and the writ's history made clear that it traditionally "has been accepted as the specific instrument to obtain release from [unlawful] confinement."  Preiser, 411 U.S. at 486.

Finally, plaintiff's claims for money damages and declaratory relief based upon prison disciplinary action are premature unless and until he has succeeded in overturning that administrative action by means of the appropriate administrative or judicial process. See Heck v. Humphrey, 512 U.S. 477, 487 (1994); Edwards v. Balisok, 520 U.S. 641, 648 (1997). These claims clearly imply the invalidity of his disciplinary conviction, and he does not demonstrate that his the disciplinary action has already been overturned. Rather, his initial state habeas action to overturn the disciplinary action was unsuccessful. Thus, plaintiff's claims regarding his disciplinary conviction are premature under Heck and therefore fail to state a cause of action under § 1983.

Mr. Harris will be given time to show cause why his claims challenging his disciplinary conviction for dangerous contraband should not be dismissed, without prejudice to his filing an appropriate habeas corpus action after state remedies have been fully exhausted.


**CONDITIONS OF CONFINEMENT CLAIMS**

Claims regarding conditions of confinement are properly raised in a civil rights complaint. However, the conditions claims asserted herein are subject to being dismissed for failure to state sufficient facts to support a federal constitutional violation. "To state a claim under section 1983, a plaintiff must allege the violation of a right secured by the Constitution or law of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988); Northington v. Jackson, 973 F.2d

1518, 1523 (10th Cir. 1992).

Plaintiff seeks an order requiring defendants to allow inmates at HCF to read the writings of Robert Green. However, he has not even described the text of the written material or the content of the book by Green. Prison officials have authority to exclude certain written materials from the prison. Mr. Harris alleges no facts indicating that the decision to seize the written material in question was not "reasonably related" to a legitimate penological purpose. Prison officials are entitled to deference with regard to such matters. Overton v. Bazzetta, 539 U.S. 126, 132-33 (2003)("Substantial deference" must be accorded "to the professional judgment of prison administrators, who bear a significant responsibility for defining the legitimate goals of a corrections system and for determining the most appropriate means to accomplish them."). Moreover, plaintiff has not named as defendant the person or persons who actually reported him for possessing dangerous contraband.

Plaintiff's claims of cruel and unusual punishment based upon conditions in the Intensive Management Unit (IMU) are defective in several respects. First, he alleges he was housed in the IMU whenever he was "sentenced to restriction," but does not provide any dates. Thus, he fails to reveal the crucial fact of the duration of his exposure to the challenged conditions. Second, plaintiff has not alleged facts establishing that he had a liberty interest in avoiding placement in restrictive confinement at HCF. Nor does he allege that his initial placement or his temporary confinement in IMU was not in compliance with applicable regulations.

Third, Mr. Harris does not allege facts showing deliberate indifference. The United States Supreme Court has held that an inmate advancing a claim of cruel and unusual punishment must establish "deliberate indifference" on the part of prison officials. Estelle v. Gamble, 429 U.S. 97, 106 (1976). The deliberate indifference standard includes both an objective and subjective component. Martinez v. Garden, 430 F.3d 1302, 1304 (10th Cir. 2005); Miller v. Glanz, 948 F.2d 1562, 1569 (10th Cir. 1991). In the objective analysis, a prisoner must show from objective facts that he or she is "incarcerated under conditions posing a substantial risk of serious harm." Farmer v. Brennan, 511 U.S. 825, 834 (1994). "The objective component is met if the deprivation is 'sufficiently serious'." Martinez, 430 F.3d at 1304, quoting Farmer, 511 U.S. at 834,(quotation omitted). "The subjective component is met if a prison official knows of and disregards an excessive risk to inmate health or safety." Martinez, 430 F.3d at 1304 (citing Sealock v. Colorado, 218 F.3d 1205, 1209 (10th Cir. 2000)(quotation omitted)). In measuring a prison official's state of mind, "the official must both be aware of facts from which the inference could be drawn that a "substantial risk of serious harm exists, and he must also draw the inference." Id. at 1305 (citing Riddle v. Mondragon, 83 F.3d 1197, 1204 (10th Cir. 1996)). The conditions specified by plaintiff, particularly given that he provides no information regarding duration, are not alleged to have posed a "substantial risk of serious harm." Nor can they be thought of as "an unnecessary and wanton infliction of pain" or "repugnant to the conscience of mankind" so as to offend "evolving standards of decency" in

violation of the Eighth Amendment.   <u>Estelle</u>, 429 U.S. at 105-106.

Plaintiff's assertion of violation of the Equal Protection Clause is likewise deficient, as it is not supported by sufficient factual allegations[7]. <u>Brown v. Zavaras</u>, 63 F.3d 967, 972 (10th Cir. 1995); <u>see</u> <u>Fogle v. Pierson</u>, 435 F.3d 1252, 1263 (10th Cir.), <u>cert</u>. <u>denied</u>, 549 U.S. 1059 (2006); <u>Hall v. Bellmon</u>, 935 F.2d 1106, 1110 (10th Cir. 1991)(vague and conclusory allegations need not be accepted by the court).   "Equal protection is essentially a direction that all persons similarly situated should be treated alike."   <u>Fogle</u>, 435 F.3d at 1260.   To state an equal protection claim, plaintiff must allege that the government treated him differently than others who were actually similarly situated, <u>see</u> <u>Cleburne v. Cleburne Living Ctr.</u>, 473 U.S. 432 (1985), and that defendants applying the disparate treatment did so with a discriminatory purpose or intent.   Plaintiff fails to allege any facts establishing these essential elements.   <u>See</u> <u>Rider v.</u> <u>Werholtz</u>, 548 F.Supp.2d 1188 (D.Kan. 2008)(citing <u>Riddle</u>, 83 F.3d at 1207); <u>Fogle</u>, 435 F.3d at 1261; <u>Barney v. Pulsipher</u>, 143 F.3d 1299, 1312 (10th Cir. 1998).   He does not name any other inmate at HCF and describe facts showing that inmate was "similarly situated" such as that he was allowed to possess the material in question or had the same disciplinary history but avoided placement in the IMU. Nor does he allege that he is a member of a suspect classification. Mr. Harris also fails to allege any facts showing that either defendant intentionally discriminated against him or acted with the

---

[7]     Plaintiff's bald statement on "information and belief" that inmates are treated differently in other KDOC facilities is not supported by any actual data, and in any event inmates in different institutions are generally not held to be "similarly situated."

sort of culpable state of mind necessary to state an Eighth Amendment claim[8].

## FAILURE TO ALLEGE PERSONAL PARTICIPATION OF DEFENDANTS

Plaintiff, in fact, describes no personal acts by either defendant as having resulted in his being subjected to the alleged unconstitutional conditions. He does not allege that either defendant Werholtz or defendant Cline personally participated in the decisions to place him in the IMU at HCF or that either is responsible for particular restrictions imposed upon him while in that unit. A defendant cannot be held liable in a civil rights action based solely upon his supervisory capacity. Trujillo v. Williams, 465 F.3d 1210 (10th Cir. 2006); Olson v. Stotts, 9 F.3d 1475, 1477 (10th Cir. 1993). Thus, unless plaintiff provides additional facts showing that defendants Werholtz and Cline were each personally involved, this action must be dismissed for failure to allege personal participation of the defendants.

Plaintiff is given the opportunity to submit additional factual allegations to support his federal constitutional claims. If he fails to provide additional facts sufficient to cure the deficiencies in his complaint in the time allotted by the court, this action may be dismissed without further notice.

---

[8]    A pro se complaint must be given a liberal construction. See Haines v. Kerner, 404 U.S. 519, 520 (1972). However, this court's "broad reading of [a pro se] complaint does not relieve [plaintiff] of the burden of alleging sufficient facts on which a recognized legal claim could be based." Hall, 935 F.2d at 1110. The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." Whitney v. New Mexico, 113 F.3d 1170, 1173-74 (10th Cir. 1997). Furthermore, "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be [granted]." Id.

**IT IS THEREFORE ORDERED** that plaintiff is granted thirty (30) days in which to submit to the court an initial partial filing fee of $6.50.  Any objection to this order must be filed on or before the date payment is due.  The failure to pay the fees as required herein may result in dismissal of this action without prejudice.

**IT IS FURTHER ORDERED** that within the same thirty (30) days plaintiff is required to show cause why his habeas corpus claims should not be dismissed for the reasons stated herein, and why his conditions of confinement claims should not be dismissed for failure to state facts sufficient to support a federal constitutional violation.

**IT IS SO ORDERED.**

Dated this 15th day of May, 2009, at Topeka, Kansas.

<u>s/Sam A. Crow</u>
U. S. Senior District Judge